UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CARL DACOSTA,**

                               **Debtor-Appellant,**

v.                                                              3:17-CV-0432 (BKS)

**NATIONSTAR MORTGAGE LLC, as servicer for
Wilmington Trust, National Association, not in its individual
capacity but solely as successor Trustee to Citibank, N.A., as
Trustee to Lehman XS Trust mortgage,**

                               **Appellee.**
_____

**Hon. Brenda K. Sannes, United States District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.  INTRODUCTION**

Appellant Carl DaCosta brings this appeal from orders of the United States Bankruptcy Court for the Northern District of New York.  (Dkt. No. 1).  Because the appeal is untimely, as discussed below, the matter is dismissed.

**II.  DISCUSSION**

Congress has provided that the United States district courts have jurisdiction over appeals from final judgments, orders, and decrees of the bankruptcy courts.  28 U.S.C. § 158(a)(1).  Generally, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. Rule 8002(a)(1).  "An untimely appeal of a bankruptcy judgment deprives a district court of appellate jurisdiction."  *Bosman v. Glod*, No. 6:15-CV-1036 (GLS), 2015 WL 9244275, at *1, 2015 U.S. Dist. LEXIS 168502, at *3 (N.D.N.Y. Dec. 17, 2015) (citing *Statek Corp. v. Dev. Specialists, Inc.*, (*In re*

1

*Coudert Bros. LLP*), 673 F.3d 180, 185 (2d Cir. 2012)).[1] "Accordingly, the [C]ourt has an 'independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*.'" *Id.* (quoting *Statek Corp.*, 673 F.3d at 185 n.6); *see also Koumoin v. Ki-Moon*, No. 16-CV-2111 (AJN), 2016 U.S. Dist. LEXIS 46045, at *1–2 (S.D.N.Y. Apr. 5, 2016)[2] ("Courts have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte* and must dismiss any case over which they lack subject matter jurisdiction.") (internal quotation omitted).

Here, the appeal pertains to bankruptcy court orders dated December 7, 2016 and March 2, 2017. (Dkt. No. 1, p. 1). Appellant filed his notice of appeal on April 17, 2017. (*Id.*). Because Appellant did not file within the 14 days mandated by Rule 8002, the appeal is untimely. Pursuant to Local Rule 76.2, the Clerk of the Bankruptcy Court issued a certification of non-compliance for untimeliness, which was transmitted to this Court. (Dkt. No. 2). The Court lacks jurisdiction over this untimely appeal; therefore, it is dismissed.

### III. CONCLUSION

For these reasons, it is

**ORDERED** that Appellant Carl DaCosta's appeal is **DISMISSED for lack of subject matter jurisdiction**.

**IT IS SO ORDERED.**

May 4, 2017
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[1] "'[T]he time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal.'" *Statek Corp.*, 673 F.3d 180, 185 (2d Cir. 2012) (quoting *Siemon v. Emigrant Sav. Bank* (*In re Siemon*), 421 F.3d 167, 169 (2d Cir. 2005) (alteration original in *Statek Corp.*)).
[2] Westlaw citation unavailable.